**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-CV-62697-DAMIAN/STRAUSS**

**PATRICIA CASTILLO FLANAGAN**
**and WORK VISA LAWYERS, P.A.,**

      Plaintiffs,

v.

**KRISTI NOEM** et al.**,**

      Defendants.

                                      /

## <u>REPORT AND RECOMMENDATION</u>

THIS MATTER came before the undersigned upon a *sua sponte* review of the record. District Judge Melissa Damian has referred this case to me for resolution of all non-dispositive motions and for a report and recommendation on dispositive motions. [DE 15]. For the reasons discussed below, I respectfully **RECOMMEND** that this case be **DISMISSED WITHOUT PREJUDICE**.

Plaintiffs filed a complaint in late December 2025, bringing claims under the Freedom of Information Act ("FOIA"). *See generally* [DE 1]. On January 27, 2026, Judge Damian entered the Order Setting Procedures and Briefing Schedule in Freedom of Information Act Cases (the "FOIA Scheduling Order"). [DE 11]. The FOIA Scheduling Order stated, "**Within sixty (60) days of Defendant's answer**, Plaintiff shall file a motion for summary judgment . . . explaining the reasons for the requested relief and including citations to the sources that support any assertion of fact and the legal authorities that support any assertion of law." *Id.* ¶ 1. Defendants were then supposed to file a combined response to Plaintiff's motion for summary judgment and cross-motion for summary judgment "within **thirty (30) days after Plaintiff files a motion for summary judgment**." *Id.* ¶ 2. The FOIA Scheduling Order also required the parties to "file a joint

status report every **forty-five (45) days** advising the Court what progress has been made in resolving the issue(s) in the case and what remains to be done." *Id.* ¶ 4. The first joint status report was due "**within forty-five (45) days of Defendant's answer**." *Id.*

On January 29, 2026, Defendant United States Citizenship and Immigration Services ("USCIS") filed an answer. *See generally* [DE 13]. In its answer, USCIS explained that it was the only proper party to a FOIA action. *See id.* at 1 n.1; *see also Heard v. Dir., Office of Info. Policy*, No. 23-10651, 2023 WL 5568283, at *1 (11th Cir. June 23, 2023) ("A plain reading of the statute provides that a FOIA claim can only be brought against agencies of the federal government and not individuals, officers, or employees thereof."). Because USCIS filed its answer on January 29, 2026, the deadline for Plaintiffs to file a motion for summary judgment was March 30, 2026, i.e., sixty days later. *See* [DE 11] ¶ 1. More than three months have passed since that deadline, and Plaintiffs have filed nothing. Further, the deadline for the parties to file their first joint status report was March 16, 2026. *See id.* ¶ 4. Yet not a single status report has been filed. Indeed, nothing has happened in this case for months.[1]

Where a party fails to adequately prosecute their case or fails to comply with court orders, as here, the court may dismiss the action. *See Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999) ("[Federal] Rule [of Civil Procedure] 41(b) authorizes a district court to dismiss a complaint for failure to prosecute or failure to comply with a court order or the federal rules."); *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005) ("The Supreme Court also has held that '[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute

---

[1] To the extent Plaintiffs took any issue with the answer being filed in the name of an agency not named in the complaint, Plaintiffs took no steps to address it.

but by the control necessarily vested in courts to manage their own affairs . . . .'" (alterations in original) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962))). Relatedly, Federal Rule of Civil Procedure 16(f) states that "on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: . . . (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1); *see also* Fed. R. Civ. P. 37(b)(2)(A)(v) (listing "dismissing the action" as a permissible sanction for failure to comply with a court order).

Here, Plaintiffs have entirely failed to comply with the FOIA Scheduling Order because they neither filed a motion for summary judgment nor sought an extension of time within which to do so. Plaintiffs cannot do so now, as the deadline has lapsed by months. Moreover, the parties have wholly failed to keep the Court apprised of new developments in the case. Although Judge Damian ordered the parties to file joint status reports every forty-five days, the parties have filed none.[2] The case should be dismissed without prejudice based on the failure to prosecute and failure to comply with orders of the Court.

Accordingly, I respectfully **RECOMMEND** that this case be **DISMISSED WITHOUT PREJUDICE**.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Melissa Damian, United States District Judge.  Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this

---

[2] Defendants' Motion for Extension of Time to Respond to the Complaint suggested that USCIS "hopes to issue its response to Plaintiffs' request on or before February 28, 2026."  [DE 10] at 2. The Court can only speculate as to whether that response ever happened, since the parties failed to file any of the required status reports.

Report except upon grounds of plain error if necessary in the interest of justice.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

  **DONE AND SUBMITTED** in Fort Lauderdale, Florida, this 10th day of July 2026.

       Jared M. Strauss
       United States Magistrate Judge